**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**GRACE WEISE,**

    **Plaintiff,**

                                              **CASE NO.:**

**v.**

**THE BOYS IN THE BURG, LLC**
**d/b/a THE BIG CATCH AT SALT CREEK,**

    **Defendant.**

_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, GRACE WEISE ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, THE BOYS IN THE BURG, LLC d/b/a THE BIG CATCH AT SALT CREEK ("Defendant"), and in support of her claims states as follows:

### **JURISDICTION AND VENUE**

1. This is an action for damages in excess of $15,000, exclusive of interest, fees, and costs, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Pinellas County, Florida, which lies within the Middle District.

### **PARTIES**

4. Plaintiff is a resident of Pinellas County, Florida.

5. Defendant operates a restaurant in St. Petersburg, in Pinellas County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

11. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d).

12. Defendant continues to be an "employer" within the meaning of the FLSA.

13. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

14. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

15. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

**FACTS**

16. Plaintiff began working for Defendant as a bartender in July 2019, and she worked in this capacity until October 25, 2019.

17. On or around October 23, 2019, Plaintiff worked a party in which a significant tip was paid out. Defendant required Plaintiff to participate in a mandatory tip pool with individuals who are not considered "customarily and regularly tipped employees."

18. On or about October 24, 2019, Plaintiff contacted the department of labor ("DOL") in order to report the incident and determine her rights under the FLSA.

19. On or around October 26, 2019, Plaintiff complained about the tip policy to management during an employee meeting and requested whether the tip policy would be applied to all future parties.

20. That same day, Defendant retaliated against Plaintiff for complaining about Defendant's tip policy and contacting the department of labor.

21. Specifically, on or around October 26, 2019, the owner, Mario Farias directed the general manger to terminate Plaintiff.

22. Plaintiff's employment was terminated in retaliation for engaging in protected activity under the FLSA.

23. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

**COUNT I – FLSA RETALIATION**

24. Plaintiff realleges and readopts the allegations of paragraphs 1 through 23 of this Complaint, as though fully set forth herein.

25. By complaining about Defendant's tip policy, Plaintiff engaged in protected activity under the FLSA.

26. By terminating Plaintiff's employment, Defendant retaliated against Plaintiff for engaging in protected activity under the FLSA.

27. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

28. Plaintiff was injured by Defendant's violations of the FLSA.

*WHEREFORE*, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FLSA;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Compensatory damages, including emotional distress, allowable at law; and

(f) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 13th day of December, 2019.

Respectfully submitted,

_____
**LUIS A. CABASSA**
Florida Bar Number: 0053643
**ANTHONY M. KNIGHT**
Florida Bar Number: 1010530
**Wenzel Fenton Cabassa, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: aknight@wfclaw.com
Email: gnichols@wfclaw.com
**Attorneys for Plaintiff**